The next case is Wissam Hammoud v. United States. Conrad Kahn is here for Appellant Hammoud and Roberta Bodner is here for the United States. Mr. Kahn, you may begin. Thank you, Your Honor. Good morning. May it please the Court. For three reasons, this Court should reverse the District Court's denial of Mr. Hammoud's 2255 motion. First, the record shows that the District Court accepted a plea to the offense in the plea agreement, a 924C based on solicitation to commit murder. Second, because Mr. Hammoud is raising a jurisdictional claim, procedural default does not apply. And third, solicitation to commit murder is not a crime of violence. I'd like to start with the first point. The offense Mr. Hammoud pled guilty to was the offense in the plea agreement, a 924C based on solicitation to commit murder. Well, if you read the plea colloquy, that's not what he pled guilty to. The plea quality says something different. Now we'll talk about the effect of that, but the reality is the plea colloquy, he pled to the attempted murder, right? But in the transcript, not once, but three times, they referenced count one, and that's what he pled guilty to. Your Honor, I don't dispute that at the change of plea hearing, the plea colloquy that the magistrate judge identified retaliation by attempted murder as the predicate. And he pled guilty to that, and they said that was what the predicate was. I don't dispute that that is what happened during the change of plea hearing. Okay, so now we have to say what is the effect then of that versus the indictment, right? It's a question, it's a factual question, what did the district court accept a guilty plea to? Because you have to remember, the district court judge was not at the change of plea hearing and had no knowledge of what occurred at the change of plea hearing. So the question is, as a factual matter, what did the district court judge accept a guilty plea to? And if you look at the record, for several reasons, it's clear what the district court accepted a guilty plea to. He accepted a guilty plea to the offense in the plea agreement. The plea agreement was filed on the records, identified a predicate offense as solicitation to commit murder. It contained a situation clause saying the disagreement represented a complete understanding of the party's agreement. The magistrate judge's report and recommendation said- Well, you're right. He pled guilty to retaliation and he pled guilty to solicitation. The problem for you, I see, is our decision in United States v. Frye where we held that a conviction under 924C does not require either that the defendant be convicted of or charged with the predicate offense so long as the trial court was presented with evidence from which it could reasonably find that the defendant was guilty. So how do you get around our precedent in United States v. Frye? To be honest, Your Honor, I haven't read Frye, but I don't dispute the proposition that you don't have to allege the crime of violence itself in the indictment. The difference here is that the plea agreement specifically identified the crime of violence, thereby narrowing the offense. And then to change that- But if we follow Frye, it doesn't matter either way as long as there is a factual basis for his conviction for retaliation and solicitation. Respectfully, Your Honor, I would disagree with that. I think it does matter when you narrow the charge by identifying as a factual matter the predicate offense because if you were to change that later, for example, if there was an indictment based on one offense and you went to trial and you changed the predicate offense, that would be a constructive amendment. But am I wrong to say that the facts in his plea agreement demonstrates that he carried a firearm in committing both the solicitation offense and witness retaliation to which he pled guilty? I don't disagree with the fact that the basis could have supported either, right? But he charged and he pled guilty to a specific offense. It was a narrowed 924C because it alleged a specific crime of violence. It's not the case as, and I haven't read Frye, but I imagine some of the other cases I read where they charted 924C based on a crime of violence and they don't identify a crime of violence, but the factual basis supports a crime of violence. Here we have an identified crime of violence and that makes a difference. And the record shows, going back to my first point, for several reasons that the district court accepted a plea. He accepted a plea, what the district court did, to the offense listed in the plea agreement. The district court had no idea what happened at the change of plea hearing. What it didn't know was that there was a plea agreement that identified solicitation, there was an integration clause saying this is our whole agreement, he had a magistrate judge's report and recommendation saying I recommend you accept a guilty plea to counts of 1, 3, 5, and 13, the same counts in the plea agreement, and finally, there were handwritten notations in the plea agreement for amendments, but none of those handwritten notations were related to the predicate offense. I thought that the magistrate judge's R&R reflected the fact that the count 5 was based on count 1, that that was the predicate. No? No, it's not, Your Honor. It just said I recommend you accept a guilty plea to counts 1, 3, 5, and 13, and made no mention of the change in the predicate offense at all. So as a factual matter, the district court, what it knew, what it believed it was accepting a guilty plea to was the offense in the plea agreement, and that's what the plea was based on, the acceptance of the plea. So we're dealing with a 924C based on solicitation to commit murder. And there's technical reasons that support that conclusion, too. For example, on direct appeal at this court, the district court made certain arguments and the government invoked the plea of the plea agreement. The government should not be able to invoke the benefits of the plea agreement on direct benefits in the plea agreement. So I think actual reasons support what the record itself shows, which is that the district court accepted a plea. Was Judge Whittemore the person that accepted the plea to begin with? Yes, Your Honor. And he ruled on the 2255 as well? Yes, that's correct, however, Your Honor. And he looked in the 2255 and said, no, it was to the retaliation. I mean, he was the judge who accepted this plea, and he said, he looked at the record and he said, no, I accepted a plea to this. That's not right? That's not entirely correct, Your Honor. It is the same judge. But Judge Whittemore— Well, I'm reading his order. He did a pretty thorough 2255 order saying, no, the plea here was to—he looks at facts and circumstances. What Judge Whittemore said was that the magistrate judge lawfully amended the predicate. What he didn't consider and what he didn't say, and what the proper question is, is what did the district court factually accept a guilty plea to? And Judge Whittemore did not consider or answer that question. He said the magistrate judge could lawfully amend and did lawfully amend the predicate. But he didn't say, what did I believe I was accepting a guilty plea to when I accepted it as a factual matter? And that is a different question. Well, he shouldn't have made—the magistrate judge shouldn't have made the switch. And so maybe he did not lawfully make the switch, but there was no contemporaneous objection at the time. Your Honor, I agree that the magistrate judge shouldn't have made that switch and there wasn't a contemporaneous objection, nor would there be at that time because both predicates—there was no reason to quibble about it.  Wait a minute. Wait a minute. So if you make a switch and you don't make an objection, you can then later on make an objection. We're not objecting to the knowing—we're not objecting to what happened at the change of plea hearing. We're asking a factual question, historical factual question. What did the district court judge accept a guilty plea to? As a factual matter, if you look at what was on the record, the district court judge did not know about this. What was on the record was solicitation, an R&R that didn't reflect a report, other changes to the plea agreement that weren't about the predicate. As a factual matter, what the district court judge accepted was solicitation. I see that I'm short on time, so I just had two more points I quickly wanted to make unless the court had other questions about this threshold issue, which was, one, this is a jurisdictional claim. Because it's a jurisdictional claim, procedural default does not apply. We don't get into cause and prejudice. We don't get into actual innocence. As this court said in Peter v. United States, in United States v. St. Hubert, a district court lacks a jurisdiction to accept a guilty plea to a non-offense, and that is only the merits question. The solicitation to commit— I think it's pretty clear what we've got to decide is whether the plea was to the predicate, which predicate it was to. I think that's— I mean— That's the big question in the case. That's the big question. And everything else will kind of fall apart from that.  It's a question. I mean— It's a threshold question. I agree. And I think it's one of the reasons I explained— I mean, it's kind of a—it's going to control whatever happens. No, I agree. It's a threshold question. And I think that the record clearly shows that the district court judge believed he was accepting a guilty plea as a factual matter. But then he wrote an order saying, no, that's not what happened. Well, listen, he didn't say, I did not understand.  He didn't say, I did not understand. He didn't say, I did not understand. He didn't say, I did not understand. He doesn't even—he doesn't understand that the manslaughter was understood at the time as a factual matter. He concludes, as a legal matter, that a magistrate judge can amend a plea agreement. And that's what occurred here. He never says as a factual matter. He doesn't consider the relevant— Help me with why you don't have to object when that happens in a plea colloquy before the magistrate judge. Why fail you to object? If a temp goes awry, you learnt everybody. I think it depends on what the challenge is on direct appeal. If we were challenging the knowing and voluntary nature of the plea or that, you know, he accepted a plea to something that wasn't in the plea agreement, and that was our challenge on appeal, then of course he would have to object or be subject to plain error. We're just asking a factual question in the 2255. What as a historical matter did the district court judge accept a guilty plea to? We're not challenging what happened at the plea colloquy, we're just asking as a historical matter. No one ever did in 2004. The law would change and we'd be here. No one was trying to game the system. We're just now trying to figure out now that we're here— No, no, and that's why you did allow him to—a plea to the retaliation. That's the whole point. He did plea to it, and the district court accepted a plea to it, magistrate judge did to it, and now we're in different law land, and we want to say, oh, no, there really wasn't a plea to that. Now, I mean, you just kind of said in your own mouth what really happened here. There was no objection, nobody cared. He did plea to that. But the question, Your Honor— But law has changed, so we don't want to have a plea to that. No, the question, Your Honor, though, is as a factual matter, what did the district court judge, who wasn't at that hearing, what did the district court judge accept a guilty plea to? It's a factual question based on the record. I see I'm over my time. I apologize for not getting to all my points, but if the Court has any further You don't need to apologize, we understand. You're arguing for your client as best you can. Thank you, Mr. Kahn. Ms. Bodner for the government. Good morning. I'm the police of the court, Roberta Bodner for the United States. People amend plea agreements during a plea colloquy all the time. It happens a lot. In this case, it happened over two issues. The first one is the one we're here about today, and that is what the predicate offense was for the section 924C offense. Now, I'd point you to the sentencing transcript, which we co-quoted from pages 2 to 6 in our brief verbatim. It does not read as though the magistrate judge made this up of his own accord. There's no discussion about whether the magistrate judge is making a change. There is an interruption by defense counsel that appears to be defense counsel correcting the court because he believes the court said count three. The problem here is the parties didn't amend the plea agreement. The judge improperly amended the plea agreement, didn't he? Because what the government intended was that the solicitation charge was the predicate for the 924C charge. That's what the government intended, right? The government should have pointed out to the magistrate judge, no, judge, that's not. I mean, there was no contemporaneous objection by the defendant, but the government didn't point out, this is what we agreed to, judge, either. I'm not sure that that's the case. Because the way the plea colloquy reads, at one point the magistrate judge says, your plea agreement says count three, but it should say count one. Later on in the plea colloquy, Hamoud objected that he did not, after all, want to admit that all of the firearms that were alleged in count 13, which was the felon in possession count, that count alleged all the NFA weapons. He stopped and said, no, we're not admitting those. And the prosecutor and the defense attorney said, we discussed this, we're substituting the Smith and Wesson 357, which was the factual basis for count five, had not been alleged in the indictment for count 13, but he was a felon in possession of that firearm also. And then the prosecutor proffered the additional facts necessary to support the interstate commerce element in the factual basis of the plea colloquy. This kind of thing happens all of the time. Now, the court's law requires it to determine the voluntary nature of a plea by the whole record of the plea proceedings. If there had been some objection during the district court proceedings that this didn't come out quite right, this isn't what we intended, that this isn't what the plea agreement said, there would have been objection to the R&R, the district court would have been alerted to it, they could have pulled the plea colloquy, the objection would have been resolved. We accept that it may be possible that the reason that no one quibbled about the change from one to the other, whether it happened before or whether it happened during the time, is because at that time it had no legal significance. But what does matter is that during that Rule 11 colloquy, where the defendant is under oath, admitting the elements of the crime, he admitted that he had used that Smith & Wesson firearm during and in relation to the crime of violence alleged in count one. And he said it over and over again, that is the crime to which he pleaded guilty. Now in their reply brief, defense counsel says that the district court accepted the plea agreement, and that's a quote, without change, and he cites to docket 91 in the criminal docket, docket 91 in the criminal docket is simply the district court accepting the guilty plea based on the magistrate judge's R&R to which there had been no objection. Sometimes district courts accept a plea agreement somewhere on the record and make a finding that it serves the interests of justice. I have searched this record from top to bottom, and I have not found that in this case. What we do have is a record that shows that this defendant admitted the factual basis for a 924C predicated on retaliation against a witness by attempted murder. Is this the typical procedure when you say it happens all the time that the guilty plea gets amended during the plea colloquy? Would that ever be reflected in writing, or would it be normal to just do it this way? Sometimes it is reflected in writing. Sometimes they take the plea agreement, and they make interdelineations, and then it's scanned back in, and that's the agreement that's in the docket. Very often when this happens during plea colloquies, it's because the defendant sees something in the facts after having signed the plea agreement that he's concerned of having admitted because it's going to drive up his guidelines, or it's going to affect his BOP designation, or he has some other reason, maybe just he doesn't believe it happened, and that's not his version of events, and so he wants something out of the facts that was in the facts before. Or the defense attorney projects that at some future date, admission of this fact is going to be held against him if suddenly there's a right to trial and a jury finding on a particular fact that he does not now want to admit. Often those things are taken out of plea agreements, and sometimes it's in writing, and sometimes it's not. What we have here is a cold record, and it is a collateral review proceeding where this defendant bears the burden of proof. It's his obligation to show what he pleaded guilty to, and this record as a whole has him admitting the predicate offense of an retaliation against a witness by attempted killing, and killing is the ultimate use of force. If I could just briefly turn to the two questions that counsel raised at the last minute, first the jurisdictional claim and also the merits question. We didn't brief the jurisdictional claim because they raised it for the very first time in this case in their reply brief, but if you look at Granda footnote two, Granda addresses the jurisdictional issue and says there is a difference between a 924C charge that charges the only predicate, a non-offense, and a 924C case that charges multiple predicates, some of which may no longer be valid. This is the latter case. This case, that distinction is clear. Granda and Parker follow that. There is no jurisdictional problem here. With respect to the merits question, Alvarado-Linares holds pretty squarely that attempted killing is a use of force. It is the ultimate use of force. But I believe that solicitation to commit murder also is a crime of violence under the elements clause because the way solicitation to commit murder is defined incorporates the use of force. Solicitation to commit a crime that has attempted use or threatened use of force as an element has that use of force as an element because if we don't prove the force element, we haven't proved the crime under the Gillis case. Solicitation is not like an attempted Hobbs Act robbery where the attempted Hobbs Act robbery may be made by an attempted threatened use of force. We don't have that. And this solicitation crime is not like the solicitation to commit kidnapping, which was at issue in Gillis. That solicitation to commit kidnapping, kidnapping could be committed by nonviolent means. Here, this is solicitation to commit murder. There is no non-forceful murder.  So if you were to conclude that he actually pleaded guilty to an offense that had as its predicate offense solicitation to commit murder, he's still guilty. That isn't what he committed, pled guilty to. I don't think that you're going to reach that question. When you say the jurisdictional issue inside Granada and Parker, you're saying he's procedurally defaulted and he can't really get in, get to first base because it's not a jurisdictional issue and it's not an actual innocence because there were multiple present predicates and we can ignore the solicitation and just go with the retaliation. And so you're saying these cases that say you can get around the procedural default are not applicable because there are multiple predicates here. But I just want to make sure I thought that's what you were saying. But we can bypass all that if we decide the plea was to the retaliation anyway. You don't have to deal with those thorny jurisdictional issues. That is absolutely true. But they raised jurisdiction at the 1159 hour and I want to make sure that I. Well, I don't know. I guess I don't know if jurisdiction for procedural defaults the same thing as you can raise jurisdiction any time. Say you were in Denver. Okay. Say you were in public, the evidence was jurisdictional and there was a single 924c predicate. And that was whether the defendant had waived the challenge by his guilty plea on review of a direct criminal appeal. Yeah, there are some distinctions involved with multiple predicates and single predicates that no longer count. Okay. When was this plea? I think I now understand why nothing was raised before. This was like 20 years ago. 17 years ago, August 2005. Okay. That's why we don't have any object because it didn't make a difference. I see what you're saying. It did not. Yeah. So in the 17 year old transcript, you see what he admitted. He admitted the facts that support the predicate. You don't have to have a conviction. You have, that is what you're saying. Right. He didn't just admit the facts. He admitted, I committed the crime of violence defined in count one. He also pled guilty to that count. He pled guilty to that count. The substantive count. Yes. But he also, I mean, the magistrate walked him through the elements of the offense and he said, do you admit that you committed the crime of violence as alleged in count one? Witness retaliation by attempting to kill. And that's what he admitted. Said it a couple of times. He's already been released? Yes, Your Honor. He's on supervised release. Thank you, I ask the court to affirm. Thank you. Mr. Khan, you have reserved some time for rebuttal. I have just a few things I'd like to respond to. At the outset, the first thing my colleague said was that it was amended. But as Your Honor pointed out, that amendment was not reflected in the agreement. An agreement which has an integration clause. And I have to respectfully disagree with my colleague. When these amendments are made, the correct practice, what typically happens, especially in a contract with an integration clause, is that you note the amendment in the contract. Because the contract has a provision that says what's in here is a complete understanding of our agreement. What we do agree, however, is that this is a record-based question. It's a factual question. And the question we're asking is, when the district court accepted the guilty plea, what did it accept a guilty plea to? Here, when the district court accepted a guilty plea, it had no knowledge of what happened after the complete hearing. Did the district court, if it's a fact question, as you say, did the district court here make a fact finding? No, the district court here did not consider this a question. So he didn't review it as a fact-based question? That's not the way I would go about it, Your Honor. So, again, we do agree that it is a factual question. It's just that we can't decide a factual question. If the district court wants to remand it so the district court considers a proper factual question in the first instance, I would welcome that. I think the district court would agree with us based on the record. That what it believed it was accepting a guilty plea. I don't know. I'll have to go back and read his order. I thought the order said that the plea was to the other crime, to the retent. It didn't say that. Okay. But it was doing it under a different framework. It was asking this legal matter. And you can see it cites cases suggesting magistrate judges can in certain instances amend plea agreements. But it wasn't asking this historical factual question. What was I considering when I accepted this guilty plea? If you look at the record, the answer is clear. And I think the district court judge would agree with us if given the opportunity to rule on that factual question. As far as a jurisdictional question to this, I disagree with my colleague. This is very much like St. Hubert. If you get past the first question, if you agree with us that the predicate offense is solicitation to commit murder, this is a one predicate offense. And as the court said in St. Hubert and in Peter, and this is a quote, a district court last jurisdiction is to accept guilty plea for non-offense. So the district court agrees with us that as a factual matter, solicitation is a one predicate offense, just like St. Hubert. And then as the last matter on the merits for solicitation to commit murder, it does not qualify as a crime of violence because it does not require the use, attempted use, or threatened use of physical force. The government of my colleague, recognizing that problem, tries to analogize solicitation offenses to attempt offenses. But that's not an apt analogy. Solicitation offenses, unlike attempt offenses, do not have a substantial step requirement. If Congress wanted solicitation offenses to count, it would include in the elements clause solicitation offenses the way they did for attempted use of force. The more apt analogy is that solicitation offenses are like conspiracy offenses. Solicitations require an intent to do the underlying act like agreeing to something or asking someone to do something. But neither of those elements require force. This court's health conspiracies to commit certain crimes of violence, like false act robbery, are not crimes of violence. That was the Brown v. United States case that we cited in our brief. It stands to reason also that solicitations don't count. My colleague wants to focus on they have to solicit a forceful act. But that doesn't change the fact that it is a solicitation. Just like a conspiracy to do a forceful act is still just a conspiracy. And like I said, this court has already held such conspiracies do not adequately require the use of force. And we cite several cases in pages 28 and 29 of our initial brief that show other courts have also held solicitation offenses don't qualify under similarly worded elements clauses. So we would ask this court to follow suit and hold that Mr. Brown does not require force and therefore may defeat the district court's order denying this 2255 motion. Thank you. All right. Thank you, counsel.